## NICHOLAS WALLRICH and Wife,

*vs*

## LAURISTON HALL.

The relief prayed for in the complaint in this action, (which was instituted April 18th, 1871,) is the cancellation of a bond, executed by plaintiffs and conditioned for the conveyance of certain lands to defendant upon payment by him of the purchase price in five installments, according to the terms of defendant's five promissory notes made payable to plaintiff, Nicholas Wallrich. The cancellation is asked for upon the ground that defendant had failed to pay the first of said notes, which fell due March 1st, 1871. Upon the matters set up in the answer, and found to be true, the court below held, in effect, that defendant showed sufficient excuse for his failure to pay said first installment at its maturity, and it appearing that said Nicholas Wallrich was indebted to defendant in the sum of $225, due March 1st, 1871, and that defendant had deposited with the clerk of the court for the benefit of said Nicholas the amount of said first installment, less said sum of $225, the court ordered, in accordance with the prayer of the answer, that plaintiffs take nothing by this action, that the note securing said first installment be surrendered to defendant and cancelled, and that, on filing the same with the clerk of the court, the said Nicholas be entitled to the money deposited with said clerk by defendant as aforesaid, and that no costs be allowed to either party.

This action on the part of the district court sustained.

*Held*, that the indebtedness of $225 was properly set off against the first installment of the purchase money, the right to set it off being an "equity" within the meaning of *section 79, ch. 66, Gen. Stat.*

This action was commenced in the court of common pleas for Ramsey county, and was, by consent of parties, transferred

to the district court for the same county and tried by the court without a jury. This appeal is taken by the plaintiffs from an order denying their motion for a new trial.

The opinion contains a sufficient statement of the nature of the action, the substance of the pleadings and the disposition made of the case in the court below.

I. V. D. HEARD, for Appellants.

GEO. L. OTIS, for Respondent.

*By the Court.*—BERRY, J.—The relief prayed for in this action, (which was instituted April 18th, 1871,) was the cancellation of a bond, executed by plaintiffs, and conditioned for the conveyance of certain land to defendant upon payment by him of the purchase price in five installments, according to the terms of defendant's five promissory notes made payable to the plaintiff, Nicholas Wallrich. The cancellation was asked for upon the ground that defendant had failed to pay the first of said installments, which fell due March 1st, 1871.

Upon the matters set up in the answer and found by the court to be true, the court held, in effect, that defendant showed sufficient excuse for his failure to pay said first installment at its maturity, and it appearing that said Nicholas Wallrich was indebted to defendant in the sum of $225 for rent due March 1st, 1871, and that defendant on the day of the service of his answer had deposited with the clerk of the court for the benefit of said Nicholas the amount of said first installment, less said sum of $225, the court ordered, in accordance with the prayer of the answer, that plaintiffs take nothing by this action, that the note securing said first installment be surrendered to defendant and cancelled, and that, on filing the same with the clerk of the court, the said Nicholas be entitled to

the money deposited with said clerk by defendant as aforesaid, and that no costs be allowed to either party.

Plaintiffs' counsel claims, (though not very strenuously, we apprehend,) that the court erred, because defendant did not " show any adequate excuse in law for, his non-compliance " with the conditions of the bond. We see no occasion for recapitulating the evidence upon which the court arrived at the result thus complained of. Suffice it to say that, time not being made of the essence of the contract, we think the evidence of diligence upon defendant's part was ample to justify the court in excusing his default.

Plaintiffs further complain of the court's finding that the defendant leased the premises aforesaid to Nicholas Wallrich, the plaintiff. The oral testimony bearing upon the question whether defendant leased said premises to Nicholas Wallrich, the plaintiff, or to Nicholas Wallrich, jr., the plaintiff's son, was conflicting and contradictory ; but certainly there was evidence in the case, having a reasonable tendency to support the finding. The familiar rule, in accordance with which we have so often declined to disturb a verdict or finding under such circumstances, may, with great propriety, be followed in this instance, in which an inspection of the evidence will show that this was emphatically a case in which the credit and weight to be given to the testimony of the respective witnesses would largely depend upon their appearance and their demeanor upon the stand.

The court also finds that, at the time and place when and where the lease was made, it was mutually agreed between said plaintiff Nicholas and the defendant that the rent reserved should be applied towards the payment of the note securing said first installment. What is said above will apply with equal force to the plaintiffs' general objection that this finding is not justified by the evidence. The plaintiffs' special objec-

tion, that the so-called mutual agreement was of no validity, because it was not incorporated in the written instrument of lease, comes rather late, since the testimony tending to establish such agreement was not only received without objection, but was in part drawn out upon plaintiffs' own cross-examination of defendant. This is however, of little or no importance in the first view which we now proceed to take of the matter of set off, though we shall advert to it again by and by.

The lease reads as follows, viz. : " L. Hall lets the 60 acres of land and improvements, whereon he now lives, to Nicholas Wallrich, for one year from the first March, 1871, for $225, to be paid on said 1st day of March. Said Wallrich to cut no wood or commit any waste on said premises.

" Reserve Township, Nov. 11, 1871.

" L. Hall,

" Nick. Wallrich, by

" Nick. Wallrich, his son."

This is a purely equitable action, the relief prayed for in the complaint, and that prayed for in the answer, as well as the relief granted by the court, being of a purely equitable nature. Our statute, ( *Gen. Stat.*, *ch.* 66, *sec.* 79,) provides that an answer may set up, "all equities existing at the time of the commencement of said action in favor of a defendant therein ; * * * and if the same are admitted by the plaintiff, or the issue thereon is determined in favor of the defendant, he shall be entitled to such relief, equitable or otherwise, as the nature of the case demands, by judgment or otherwise." If the defendant's claim for rent is a counter-claim, as the same is defined in our statute, ( *Gen. Stat.*, *ch.* 66, § 80,) there is no reason why it may not be properly set off against the note aforesaid. But we are inclined to the opinion that it is not a counter-claim within the statutory definition, but that the right to set it off is an "equity,"

within the meaning of *section* 79, *supra.* "Independently of the statutes of set-off," says Judge Story, (2 *Eq. Juris.*, § 1435,) "courts of equity, in virtue of their general jurisdiction, are accustomed to grant relief in all cases where, although there are mutual and independent debts, yet there is a mutual credit between the parties, founded at the time upon the existence of some debts due by the crediting party to the other. By mutual credit, in the sense in which the terms are here used, we are to understand a knowledge on both sides of an existing debt due to one party, and a credit by the other party, founded on and trusting to such debt as a means of discharging it. Thus, for example, if A should be indebted to B in the sum of £10,000 on bond, and B should borrow of A, £2,000 on his own bond, the bonds being payable at different times, the nature of the transaction would lead to the presumption that there was a mutual credit between the parties as to the £2,000, as an ultimate set-off, *pro tanto*, from the debt of £10,000. But if the bonds were both payable at the same time, the presumption of such a mutual credit would be converted almost into an absolute certainty. Now in such a case a court of law could not set off these independent debts against each other; but a court of equity would not hesitate to do so, upon the ground, either of the presumed intention of the parties, or of what is called a natural equity. If in such a case there should be an express agreement to set off the debts against each other, *pro tanto*, there could be no doubt that a court of equity would enforce a specific performance of the agreement, although at the common law the party might be remediless."

Now in the case at bar the note, representing the first instalment before mentioned, and the defendant's claim for rent fell due upon the same day, to-wit: March 1st, 1871. According to the doctrine of Judge Story, the case, then, is one in which

the presumption of mutual credit is almost an absolute certainty, and a case in which a court of equity will without hesitation set off the debts against each other, "upon the ground either of the presumed intention of the parties, or of what is called a natural equity." Upon this ground, then, we are of opinion that the court below properly allowed the rent as a set off, *pro tanto*, against the first installment of purchase money. But the court below finds that there was an *express agreement* to set off the rent against said first installment.

It is objected, however, as before stated, that this finding was based upon parol evidence, received in violation of the rule which excludes parol evidence to vary or add to a writing. In the first place it may be doubted whether, even if it had been objected to, the parol evidence of such express agreement would not have been competent, not as varying or adding to the *contract evidenced by the lease*, but as establishing the independent fact of *mutual credit* by showing the purpose, to which the parties had agreed that the rent reserved by the lease should be applied. But if this is not so, then the parol evidence *having been received without objection*, tended to prove that the lease was not the *entire* contract of the parties ; in other words, that a *part only* of such contract *was reduced to writing*. In such cases the part not reduced to writing is permitted to be shown by parol 1 *Greenl. Evid.* § 284 *a*.

Whatever practical difficulties there may be in most cases in allowing this exception to the general rule, excluding parol evidence to affect a writing, there would seem to be none in this case, in which defendant was permitted, *without objection*, to introduce the testimony showing the partial reduction only of the contract to writing. If we are right, then, upon the ground of the express agreement, in addition to the ground before mentioned, the court below was justified in allowing

the rent in off-set against the first installment of purchase money.

*Barker vs. Walbridge*, 14 *Minn.* 469, cited by plaintiffs, is not in point, for the reason that *this* is an *equitable* action, and for the further reason that, in *Barker vs. Walbridge* there was no pretense of " mutual credit," to say nothing of other points of difference between the two cases.

The complaint that the court erred in not allowing costs to plaintiffs, is disposed of by *sec. 5, ch.* 67, *Gen. Stat.*, which, by providing that " in equitable actions costs may be allowed or not," leaves the question of their allowance to the discretion of the court. Considering all the facts found, we cannot perceive that the discretion was abused in this instance.

Order refusing new trial affirmed.