BERNARD F. CARROLL *vs.* HORACE WILLISTON and others.

August 20, 1890.

**Instructions—General Exception to Refusal.**—Where counsel submit numerous requests for instructions to the jury, some of which are given and others refused or qualified, a general exception to the refusal of the court to give the requests asked by them is insufficient as the foundation for an assignment of error.

**Master and Servant—Omission to Cover Dangerous Machinery.**—It is not actionable negligence *per se* as between master and servant to omit to protect or cover dangerous machinery, but the question of negligence must depend upon the circumstances of each case, such as the nature of the employment, degree of exposure to danger, and notice thereof to the employe.

Appeal by defendants from an order of the district court for St. Louis county, *Stearns*, J., presiding, refusing a new trial after a verdict of $4,500 for plaintiff.

*Walter Ayers*, for appellants.

*James E. Markham*, for respondent.

VANDERBURGH, J. The plaintiff's employment was that of a common laborer in defendants' saw-mill. One part of his business was to remove or clear away blocks, rubbish, and sawdust from under a circular saw. The complaint is that the saw was not properly "housed" or protected, and that the shovel furnished him to work with was unfit to use for such purpose on account of a broken or defective handle, and that, in attempting to use it in removing the rubbish, his hand was caught by the saw, and injured. There were exceptions to certain portions of the charge, which are properly here for consideration under the assignments of error. And there are certain assignments of error based upon the refusal of the court to give a large number of instructions asked by the defendants. The only exception upon which these assignments are based is a general one "to the refusal to give the requests asked by the defendants." We think this exception insufficient to bring before us the propriety of the decision of the trial court upon the several propositions em-

braced in defendants' requests. Here there were 12 requests submitted to the court; some were given, others qualified by additional instructions in the course of a charge of considerable length, and the majority of them were refused. Some of these requests which were refused should probably have been given, others were properly refused. The object of an exception is to call the attention of the court to some specific error, so that it may act deliberately and intelligently in considering it, as in such case it is its duty to do. It may be that in some instances, where the charge is limited to the consideration of a few distinct propositions upon the subjects embraced in the requests, the court may be presumed to have the same so clearly in mind that less technical strictness will be required in the form of the exception. But the case should be clear; otherwise exceptions to the charge will degenerate into a mere formal matter. The exception in this case was insufficient. *Ferson* v. *Wilcox,* 19 Minn. 388, (449;) *Ayrault* v. *Pacific Bank,* 47 N. Y. 570, 576; *Requa* v. *City of Rochester,* 45 N. Y. 129, 137, 138.

It remains only to consider the exceptions to the charge of the court, as given. Among other things the court charged the jury as follows: "There is no doubt that where a buzz-saw is used employes are in danger of being injured by accident or inadvertence or anything of that kind, and, if it can conveniently, without detriment to the machinery, be housed or cased so as to do away with this danger, it is negligence on the part of the owner of the machinery and employer of the men not to have it housed." To this the defendants duly excepted. The defendants had requested the court to charge "that when *dangers* are not concealed, but are *open to the senses,* the servant is ordinarily bound to know them." Upon and in connection with this request, the court charged that, "as an ordinary rule, if a man can see dangers he is bound to know them. There are exceptions to that rule, as will appear before I get through." And further, in referring again to the rule, the court said: "That states one side of the case, that ordinarily a man is presumed to have his eyes open, and to see the dangers and keep out of them,"—and then proceeded to quote the language of this court in another case—*Wuotilla* v. *Duluth Lumber Co.,* 37 Minn. 153, (33 N. W. Rep. 551.) To this extract the

defendants also excepted. It related to the law applicable to the question of contributory negligence, and of the assumption of risks by an employe working in connection with dangerous machinery. In giving the extract to the jury as the law applicable to this case, the court assumed, and the jury must have understood, that the cases were substantially alike. In the extract read to the jury it was stated that "the master is bound to exercise reasonable diligence in informing himself whether the machinery is safe, whereas the servant, in the absence of notice to the contrary or something to put him on inquiry, has a right to assume that the master has done his duty, and to rely on his superior judgment." "Again, it is one thing to be aware that machinery is defective or in a particular condition, and another thing to know or appreciate the risks resulting therefrom." While this is correct as an abstract proposition, we think as applied to the undisputed facts of this case both portions of the charge were calculated to mislead the jury, and that both exceptions should be sustained.

In the first place, while the safe rule and practice is to protect dangerous machinery if practicable, it is not necessarily actionable negligence to omit to cover or "house" it in any particular case, though men of ordinary prudence in such cases might do so, for the question of negligence must be determined upon the facts of each case, the question being whether the employer or master has failed in some duty he owed to the servant. For instance, the master is not guilty of negligence in setting an employe at work in connection with dangerous machinery, though uncovered, if the latter is instructed in respect to the operation of the machinery and the risks so that he might take care of himself, or if the employment and machinery are of such a character that the risks are so apparent that the employe must necessarily comprehend them. *Craver* v. *Christian*, 36 Minn. 413, (31 N. W. Rep. 457.) In *Sullivan* v. *India Mfg. Co.*, 113 Mass. 396, it is held that the mere failure to guard machinery was not a ground upon which plaintiff in that case could recover, and, if he had sufficient knowledge and capacity to comprehend the dangers, he could not complain that the place might have been made safer at a moderate expense.

v.44m—19

In the next place, upon the evidence in the case, the nature of the employment was such as to render inapplicable the charge as given and excepted to, and which is secondly above referred to. The evidence would certainly have warranted the jury in finding, if indeed it was not their duty to so find, that plaintiff's duties were not complicated, but simple and easily understood, needing no particular instructions or skill, and that he could do the work deliberately and in his own way, with the danger constantly before his eyes. And, if this is so, it is difficult to see how the master would be presumed to know more about the risk than the servant, either as respects the nature of the employment or the character of the implement used by the latter. We think the instruction was calculated to mislead the jury, and was therefore prejudicial to defendants.

Order reversed.