SOREN STEFFENSON *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

| 51 | 53 |
|----|-----|
| 65 | 83 |
| 67 | 67 |

| 51 | 531 |
|----|-----|
| 81 | 184 |

Argued Nov. 16, 1892.   Decided Dec. 14, 1892.

**Fellow Servant's Negligence.**

Evidence *held* to justify the conclusion that the plaintiff's fellow servant negligently pushed him off a hand car.

**Proof of Negligence.**

Proof that an act charged to have been negligently done was done in an unusual manner, *held* proper, as going to show that it was not necessary to do it as it was done.

**Exception to Charge too General.**

A general exception to the giving of several requested instructions to the jury, "and to the giving of each and every one of the same," is not available.

Appeal by defendant the Chicago, Milwaukee & St. Paul Railway Company, from an order of the District Court of Mower County, *Farmer*, J., made May 17, 1892, denying its motion for a new trial.

After a new trial of this action was granted, 48 Minn. 285, the issues were again tried March 16, 1892. The facts proved were substantially the same as on the preceding trial. At the close of the evidence, the plaintiff requested the judge to embody in his charge to the jury six different requests which he handed up in writing. The judge did so, and the record states: "Thereupon the defendant's counsel excepts to the giving by the court of the requests as asked by the plaintiff, and to the giving of each and every one of the same."

Two of these instructions were as follows:

"1st. In this case the defendant railway company is liable to Soren Steffenson, the plaintiff, for such injuries as he has suffered by reason of the negligent act or acts of his fellow servant, Connors, as described in the complaint, if he, the plaintiff, was (at the time he was injured) free from fault and in the exercise of ordinary care."

"5th. And if Connors, plaintiff's fellow servant, who was bound to use and exercise ordinary care, was not as careful as an ordinarily

prudent section man would be under like circumstances, considering the danger which would attend any movements on his part, such as turning round on the hand car or pushing against the plaintiff, he failed to exercise such care, and if the plaintiff was thereby injured, plaintiff may recover full compensation for the injuries he has sustained."

The plaintiff had a verdict for $1,800. Defendant asked for a new trial. Being denied, it appeals.

*Kingsley & Shepherd,* for appellant.

The vice in the first request of plaintiff is, that it relates to the negligent acts of Connors as described in the complaint, and not to the negligent acts of Connors testified to by the witnesses. The negligent acts of Connors, as described in the complaint, are quite different from his acts as described in the testimony.

The fifth request of the plaintiff assumes that Connors turned around on the hand car and that he pushed against the plaintiff, and that these movements were attended with danger. There was no evidence that Connors turned around on the hand car; but if he did turn around, the court ought not to have assumed that such turning was attended with danger, or if it was attended with danger, that he failed to exercise such care.

The court erred in not setting aside the verdict of the jury on the ground that it was not justified by the evidence.

Knowing all the circumstances, plaintiff could not have been knocked off the car if he had been ordinarily careful himself, unless Connors knocked him off purposely, and this is expressly denied by the plaintiff, by his attorneys, and by his witnesses. The evidence shows that plaintiff could not have been in the exercise of ordinary care as to his own safety, if he was knocked off the car by the movements of Connors.

*John A. Lovely* and *Lafayette French,* for respondent.

The evidence shows that plaintiff was, without his fault, pushed from the moving hand car by the careless action of his fellow servant, Connors.

DICKINSON, J.    This action has been before us on two former appeals.    See 45 Minn. 355, (47 N. W. Rep. 1068,) and 48 Minn. 285, (51 N. W. Rep. 610.)    In the decision last cited the nature of the case is stated, and need not be here repeated.    At the last trial, which we are now called upon to review, a verdict was rendered for the plaintiff, based upon the alleged negligence of the plaintiff's fellow servant, Connors, who, as is determined by the verdict, pushed the plaintiff off the hand car when he (Connors) was applying the brake to stop the car.    The chief contention on this appeal is whether the case shows negligence on the part of Connors.    It is unnecessary to allude particularly to the facts.    As to the fact of negligence, the case presented by the plaintiff was not a strong one, but the issue was so doubtful upon the evidence that we think that the verdict must be accepted as final.

It was proper to show that Connors could have applied his foot to the brake without turning around, and that it was not customary or usual to turn around for that purpose.    The bearing of such evidence is obvious when it is considered that the case tended to show that it was by the act of Connors in turning around quickly and with force that the plaintiff was pushed off the car, the four men necessarily standing very close together.    It was proper to show that the act which may be deemed to have caused the injury was not in accordance with the usual mode of doing such things, for that would go to show that it was unnecessary, and hence might be deemed negligent.

The exception to the giving of the instructions, as requested by the plaintiff, was too general to call in question the correctness of any particular instruction,—*Carroll* v. *Williston*, 44 Minn. 287, (46 N. W. Rep. 352;)—but we may add that we see no error in the particular instructions to which the appellant calls attention.

Order affirmed.

(Opinion published 53 N. W. Rep. 800.)