GEORGE R. KING and Another v. CITY OF DULUTH.[1]

August 7, 1900.

Nos. 12,192—(253).

**Assignments of Error—Exceptions Insufficient.**

Certain assignments of error based upon insufficient exceptions considered, and *held* that such exceptions are insufficient to authorize the review of appellant's claims.

**Charge to Jury—Exception Indefinite.**

An exception to the charge of the court, embracing seven requests upon distinct propositions of law, some of which were given and some refused, is too indefinite to point out the errors complained of.

**Verdict Sustained by Evidence—Decision upon Former Appeal.**

Evidence considered, and *held* sufficient to sustain the verdict of the jury upon the issue that the determination of an engineer, acting as an arbitrator, was arbitrary, and based upon a demonstrable mistake of fact. Upon this issue the law of the case as decided on the previous appeal (78 Minn. 155) is followed.

Action in the district court for St. Louis county to recover $16,-

1 Reported in 83 N. W. 526.

892.80, a balance alleged to be due on a contract and for extra work and material performed and furnished. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiffs for $8,889.18. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Oscar Mitchell*, Attorney for City of Duluth, for appellant.

*J. L. Washburn* and *W. D. Bailey*, for respondents.

LOVELY, J.[2]

This is the second appeal of this action, which was brought by the plaintiffs to recover upon a written contract whereby the plaintiffs agreed to do certain work in the construction of a system of waterworks in the city of Duluth. There was a verdict for plaintiffs. A motion for a new trial was overruled, from which appeal is taken to this court.

The decision of this case on the former appeal (78 Minn. 155, 80 N. W. 874) very fully sets forth the facts upon which it was, and is now, contested, and since, upon the concession of counsel, the evidence is substantially the same upon the second trial, it is unnecessary to summarize it here. For the purpose of disposing of the questions involved upon the four assignments of error we hold that the first assignment cannot be considered, for the reason that it rests upon instructions to which no proper exceptions were taken. On the trial below, the defendant requested the court to give seven specific instructions involving distinct propositions of law. The first, third, fifth, sixth, and seventh were refused. The second and fourth were given, in connection with a very full, clear, and admirable charge of the trial court, at the end of which the defendant excepted generally as follows:

"To the not giving of these requests in the form in which I gave them,—just in the form in which they are given,—exception to each of the seven."

Under the well-settled rules of this court this exception was too indefinite and uncertain to point out specifically the alleged errors which are now complained of. Carroll v. Williston, 44 Minn. 287,

[2] LEWIS, J., took no part.

46.N. W. 352; Steffenson v. Chicago, M. & St. P. Ry. Co., 51 Minn. 531, 53 N. W. 800; Columbia Mill Co. v. National Bank of Commerce, 52 Minn. 224, 53 N. W. 1061; Delude v. St. Paul City Ry. Co., 55 Minn. 63, 56 N. W. 461; State v. Kortgaard, 62 Minn. 7, 64 N. W. 51.

The second assignment of error is as follows:

"In not granting defendant's motion for a new trial on the ground that the verdict of the jury is not justified by the evidence, in that the evidence would not warrant the conclusion that the determination of the engineer that the work in question was riprap was arbitrary or fraudulent or based upon a demonstrable mistake of fact."

The alleged insufficiency of the evidence rests upon the theory that there was no evidence reasonably tending to support the verdict on this contention. From an examination of the whole evidence, which is required under this assignment, it is sufficient to say that such examination shows that there was evidence for the consideration of the jury reasonably tending to support the verdict in this respect.

The third and fourth assignments of error are based upon an offer of testimony near the close of defendant's case, made in the same terms when each plaintiff was called. Under these assignments such offer was too general, indefinite, involved, misleading, and could serve no good purpose on the trial. The offer was as follows:

"The defendant offers to show by this witness on cross-examination, under the statute, that the actual cost to the plaintiffs for the material dumped on this work, and for all labor bills incurred, including incidental expenses, delays, and difficulties, did not exceed $1.25 per cubic yard, by examining into the pay rolls furnished to the city, and by the production of such pay rolls made for the city, and for the purpose of securing estimates upon the plaintiffs' contract, and by reference to the time checks paid to the men, and to the amounts paid for material, repairs, and incidentals connected with said work."

This offer was supplemented by counsel as follows:

"I will add, such proof being offered in connection with other testimony for the purpose of showing that, when a fair contractor's profit is added to said cost, that the total reasonable compensation

to be allowed for the doing of this work by plaintiffs per cubic yard did not exceed to the plaintiffs the sum of $1.50 per cubic yard."

Such offer was overruled, and defendant excepted.

It may be conceded that it was proper for the defendant to show upon cross-examination of the plaintiffs that the cost of the work was less than their estimate of its value; but this offer, while it attempts, in the first portion of it, to include all the essentials of an estimate of the same, leaves out several apparent elements of expense that should be properly included. If the general question how much it had cost had been asked and refused, plaintiffs' exception might not be tenable, but where such an offer attempted as in this case to set forth specifically the details involved in such cost they should all be included. But a more fatal defect with this offer was that the same involved not only the actual cost as paid by the plaintiffs by a computation of such expenses, but there was also included in the offer an examination into pay rolls furnished to the city, with a proposed production of the same for the purpose of securing estimates by reference to the time checks given to the men, in connection with other testimony, which was not designated or specifically set forth for that purpose. This includes much that is obviously merely speculative and undisclosed, and there could not be any satisfactory or judicial ruling upon such omnibus offer that would be of any practical avail legally to the defendant or apprise the court of what was included in it. If the court had allowed the offer, several of the specific items of evidence involved would still have to be produced severally, and would have to rest upon their own distinctive merits, that it might be determined whether such separate items were competent or material; and some of them might not be, which, of course, the court could not know until the actual production of each was made. Such offer was properly refused.

There are no other assignments of error to be considered in this case, and the order of the trial court is affirmed.