# JOHN HIDER v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

July 28, 1911.

Nos. 17,183—(238).

**Negligence of fellow servant — case followed.**

On substantially similar facts the decision in the case of Steffenson v. Chicago, M. & St. P. Ry. Co. 51 Minn. 531, is followed and applied.

**Assumption of risk — damages.**

The question of assumption of risk was for the jury, and the damages awarded are not excessive.

[1]Reported in 132 N. W. 316.

Action in the district court for Wright county to recover $30,-500 for personal injuries. The answer set up that plaintiff knowingly assumed the risks of the employment and contributory negligence on his part. The reply was a general denial. The case was tried before Giddings, J., and a jury which returned a verdict in favor of plaintiff for $2,625. From an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John L. Erdall, N. M. Thygeson* and *Alfred H. Bright,* for appellant.

*Dodge & Tautges* and *Woolley & Johnson,* for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused to plaintiff while in the employ of defendant by reason of the negligence of fellow servants. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The principal question presented is whether the evidence sustains the verdict. Plaintiff was in the employ of defendant as a section hand, and, with other members of the crew, was furnished with a hand car for use in going to and returning from his work. On the day of the injury here complained of the crew consisted of thirteen men, including plaintiff. They all boarded the hand car for the purpose of proceeding to the place of employment on that day. The car is four feet four inches wide by about six feet long, with the usual propelling handle bars in the center thereof. There was barely room for the crew upon the car. Plaintiff, with four others, stood at the front end, outside the handle bar, five on the rear end, and three between the bars. The space between the end of the handle bars and the end of the car was limited, and the men so located supported themselves when the car was in motion with one hand upon the handle bar, the other upon the next fellow workman. In view of the fact that the five men were afforded but a space of four feet four inches upon which to stand, it is evident that

they were packed close together, and the positions taken by them for support were the only ones available. Plaintiff stood in the center of the front end, with two others on each side of him. As they approached the place of work, two of plaintiff's companions, while the car was still in motion, and going at the rate of two or three miles an hour, suddenly and without notice or warning to plaintiff, jumped from the car, thereby releasing in part the plaintiff's support, jarring the car, and causing plaintiff to lose his balance and fall or be thrown in front of the moving car, which passed over his body.

The negligence charged in the complaint was (1) the alleged act of defendant in overloading and overcrowding the car, thus creating an unnecessary danger to the men; and (2) the negligent act of the fellow servants in jumping from the car while in motion, thereby causing plaintiff to fall or be pushed from the car. The court below eliminated on the trial the first ground of negligence and submitted the case to the jury upon the sole question, as respects defendant's negligence, whether the fellow servants were negligent in the manner of jumping from the car under the circumstances disclosed.

We are unable to distinguish the case from Steffenson v. Chicago, M. & St. P. Ry. Co. 51 Minn. 531, 53 N. W. 800. That case was before the court on three separate appeals. On the first it was held that the railroad fellow servant statute (Laws 1887, p. 69, c. 13) applied to section-men while employed in operating a hand-car furnished them by the company for use in their work. 45 Minn. 355, 47 N. W. 1068, 11 L.R.A. 271. The negligence charged in that case was substantially that in the case at bar, namely, overloading the car, and negligence of a fellow servant. On the second appeal it was held that the evidence failed to show negligence in overloading the car, and the cause was remanded for a new trial upon the question of the negligence of a fellow servant. 48 Minn. 285, 51 N. W. 610. On the third trial the jury found negligence in the conduct of the fellow servant, and the verdict was sustained. 51 Minn. 531, 53 N. W. 800. The act there charged as negligence was the sudden and unexpected turning around by one of the men on the

car for the purpose of setting the brake and bringing the car to a stop, which resulted in pushing plaintiff from the car. In the case at bar the negligent act was that of two of the men suddenly and without warning jumping from the car while in motion, thus unexpectedly releasing plaintiff's support and causing him to fall from the car. There is no substantial difference between the two cases, and we follow the former decision.

The question of assumption of risk was for the jury. While it is clear that plaintiff assumed all risks incident to the overcrowded condition of the car, as he had worked under similar conditions for a considerable time, it cannot be held that he assumed the risk of negligent conduct of his fellow servants. The statute protects him from their negligence. Nor can it be held as a matter of law that plaintiff was guilty of contributory negligence by taking a position on the front end of the car with four other men. It was necessary that five men stand on one or the other end of the car, and whether plaintiff should have taken some other position was a question for the jury.

The damages are not excessive.

Order affirmed.