JAMES K. VAN DOREN vs. J. A. WRIGHT.

Submitted on briefs July 13, 1893. Affirmed Aug. 21, 1893.

**Verdict not Supported by the Evidence.**

Evidence *held* insufficient to establish the fact of an agency, except as especially limited.

Appeal by plaintiff, James K. Van Doren, from an order of the District Court of Hennepin County, *Henry G. Hicks,* J., made March 16, 1893, granting defendant's motion for a new trial unless plaintiff stipulate to reduce the verdict to $25 and interest from June 20, 1884.

The defendant, J. A. Wright, owned a farm near Herman. In 1884, his brother, S. H. Wright, had charge of it for him. This brother let the farm to the Dobsons, and told plaintiff, who kept a grocery store, to give the Dobsons goods on credit and defendant

would see that the bill was paid. The Dobsons had goods to the value of $165.25. This action was to recover that sum. Plaintiff had a verdict for that amount; but, on defendant's motion for a new trial, the Judge was of the opinion that the evidence did not disclose any authority from defendant to his brother, S. H. Wright, to pledge defendant's credit for the Dobsons to an amount exceeding $25, and granted the motion, unless plaintiff should within ten days stipulate to reduce the verdict to that amount with interest.

*Francis Bergstrom* and *Fred W. Reed,* for appellant.

*J. N. Bearns* and *S. M. Finch* for respondent.

DICKINSON, J.   The action is for the recovery of the value of goods to the amount of $165.25, sold by the plaintiff, and delivered to a third party, (Dobson,) by the authority, as is claimed, of the defendant, J. A. Wright, and upon his absolute promise to pay for the same. The jury returned a verdict for the plaintiff for the amount claimed. The court ordered a new trial in favor of the defendant, unless the plaintiff should consent to reduce the recovery to the sum of $25, and interest. The plaintiff appealed.

The order should be affirmed. Whatever authority the respondent gave for the delivery of goods to Dobson, and whatever contract he entered into with the plaintiff, was through one S. H. Wright, as his agent. The evidence was insufficient to show that S. H. Wright was a general agent of the respondent at the time of the transaction in question, and the proof of his special agency only went so far as to show that he had authority to contract for the sale of goods to the extent of $25. It is said on the part of the appellant that, as the respondent did not except to certain instructions of the court to the jury, to the effect that the evidence was sufficient to justify a verdict for the recovery of the amount claimed, such instruction is conclusive for the purposes of this case, and the question of the sufficiency of the evidence should not afterwards have been reconsidered by the court. In answer to this, it is enough to say that by exceptions to certain instructions given to the jury at the request of the plaintiff, and particularly the fourth, the defendant preserved his right to call in question the sufficiency of the evidence.

Order affirmed.

(Opinion published 56 N. W. Rep. 51.)