## AMANDA L. STELLWAGEN vs. CITY OF WINONA.

Argued June 13, 1893.  Reversed Aug. 22, 1893.

**Certain Evidence Held Irrelevant and Prejudicial.**

The question being whether the city was chargeable with negligence, in not having discovered a defect in a grating covering a coal hole in a new sidewalk, just constructed by an adjacent proprietor, *held* error to receive evidence that this grating, which had been taken from the old sidewalk, had been defective for some time before the removal of the old sidewalk, the city having no reason to anticipate that the old and broken grating would be put in the new sidewalk.

**Sidewalks—Care Over by City.**

A municipality is required to exercise a reasonable, but not a constant, supervision over the construction of sidewalks, although the work is being done by the owners of the adjacent property.

**Negligence in Failing to Discover Defect.**

Under the circumstances stated, it was a question for the jury whether the failure of the city to discover and remedy the defect for nine hours after the dangerous grating was put in the walk, on a much traveled street, was negligence.

Appeal by defendant, the City of Winona, from an order of the District Court of Winona County, *Start*, J., made January 9, 1893, denying its motion for a new trial.

On July 20, 1892, the plaintiff, Amanda L. Stellwagen, a girl twenty years of age, stepped through a defective iron grating over a coal hole in the stone sidewalk on Centre Street in Winona. She gave the notice required by the City Charter, and brought this action August 17, 1892. At the trial in September, 1892, she had a verdict for $3,300. On the motion for a new trial the Judge said:

The case presented is not simply one where a sidewalk is properly and safely constructed and completed in the first instance, and afterwards by accident or other unforeseen cause becomes defective and in an unsafe condition. If such were the case, it might be questioned whether the lapse of nine hours after the defect existed, would be sufficient to charge the City with constructive notice of the defect. When the duties of the City in the premises, the character of the defect in the new walk, the circumstances and history

of its creation, the previous history and use of the coal hole and its covering, the character of the excavation under the walk, the knowledge of the city officers that the work was being done, the charge of the work by its engineer, and the publicity of the place of the accident are all considered together, it is clear that it was for the jury to say whether the City was fairly chargeable with constructive notice of the defect in the sidewalk. The evidence, as to the old grating, was not received for the purpose of raising any presumption of which the City was bound to take notice, that the old grating was to be used as a covering for the coal hole in the new walk, but for the purpose of showing the situation, character, use, history, and condition of the coal hole and its covering, as indicating a necessity for, and the probability of, a continuance of the coal hole in the new walk.

*A. H. Snow* and *W. A. Finkelnburg,* City Attorney, for appellant.

The object of the evidence as to the defect in the cover while in the old walk, was to fix blame upon the City for the transfer by private persons of this cover, with its alleged defect, from the old walk to the new; or perhaps to charge the City with notice of the placing of the defective grating in the new walk, from the fact that it, or one similar to it, had been in the old walk—to manufacture a sort of presumption, of which, as the plaintiff would claim, the City was bound to take heed, that the same defective grating that had been used in the old wooden walk would be placed in the stone walk. This is, at bottom, as it seems to us, the ground upon which the learned District Judge justifies the admission of the evidence. Stated in another way, the erroneous proposition is about this: Evidence that the City had or ought to have had knowledge of a defective grating in the old plank walk, is evidence that it had, or ought to have had, knowledge of a defective grating in the new stone walk. *Donaldson* v. *Boston,* 16 Gray, 508; *Carter* v. *Town of Monticello,* 68 Iowa, 178; *Hiner* v. *Fond du Lac,* 71 Wis. 74.

The Judge finally charged the jury on this point as follows: "The fact, if it be a fact, that the grating alleged to have been defective was in the former wooden sidewalk, affords no presumption or right to infer that the same grating would be placed in the new stone sidewalk; and such fact cannot properly be taken into considera-

tion by the jury in passing upon the question of constructive notice to the City." But the effect upon the minds of the jury, of the repeated admission of testimony on the point, against repeated objection by defendant, deepened as the impression was by argument from opposing counsel, could not be removed, nor could the error be remedied, by a brief and rapidly uttered warning in the charge. *Dugan* v. *St. Paul & D. R. Co.*, 43 Minn. 414.

*Keyes & Brown*, for respondent.

According to the reason of the law, this sidewalk in question was constructed by the City; a part of it was constructed of iron; that part was defective, and that defect resulted in an injury to the plaintiff; the City knew of that defect, because it created it, and its knowledge was actual notice. In other words, the defect in this sidewalk was occasioned by the act of the City, or what is the same thing, with its permission, and rules about notice have no application. *Woodward* v. *City of Boscobel*, 84 Wis. 226; *Miller* v. *City of St. Paul*, 38 Minn. 134; *Storrs* v. *City of Utica*, 17 N. Y. 104; *Brooks* v. *Somerville*, 106 Mass. 271; *City of Chicago* v. *Langlass*, 66 Ill. 361.

We concede that evidence of the condition of the old walk was not material and could not be considered by the jury in passing upon the question of notice. The evidence as to the cover while in the old walk was merely preliminary, and called attention to the specific grating that was actually put in the new walk. The mere fact that the grating was in the old walk had nothing to do with the question; it might as well have been at the foundry, so far as the purpose of the question was concerned; the object, and only object, was to prove that a defective grating was put into the new walk.

DICKINSON, J. The plaintiff was injured by stepping through a defective iron grating covering a coal hole in a sidewalk of the city of Winona. In this action against the city therefor, based upon its alleged negligence, a verdict was rendered in her favor. The court refused a new trial, and the defendant appealed. The case, as presented to the jury, disclosed the following facts:

The place of the accident was in a much-traveled street in the

business part of the city. For a long time there had been a wooden sidewalk at this place, under which the earth had been removed, leaving a space several feet deep for the convenience of the owners of the adjacent property. In the sidewalk was a circular hole, opening into this excavation, two feet or more in diameter, and covered with an iron grating consisting of parallel bars fastened in an iron rim. The sidewalk having become decayed, the owners of the property contracted for the construction of a stone sidewalk in its place. The work of reconstruction had been in progress for a week or two prior to the accident; the old sidewalk, including the grating, being taken up as the laying of the stone walk progressed. By the 20th of July—the day of the accident—the stone had all been laid, covering the same excavation, and on that day the contractor cut a circular hole in the same at about the place where the coal hole had previously been in the old sidewalk. The cutting of this hole in the stone was completed just before noon, as the evidence tended to show, and the contractor then covered it with the iron grating which he had taken out of the old sidewalk. One of the bars of the grating had been broken out, so that there was an opening between the remaining bars about three inches wide. The accident occurred from the plaintiff stepping through this opening. This occurred at about 9 o'clock in the evening. It had then become dark, or nearly so. The city engineer had exercised a supervision over the construction of the sidewalk, visiting the place from time to time for the purpose of inspection. He was there in the morning of the 20th of July, but this coal hole had not then been cut in the stone. The court instructed the jury, and correctly, that the evidence did not show that the city had any actual notice of the placing of the defective grating in the new sidewalk; but it was left for the jury to determine from the circumstances whether, if ordinary care had been exercised on the part of the city, it would not have discovered this defect before the time of the accident.

From this statement of the case it will be seen that, at most, only about nine hours elapsed between the time when the contractor finished the making of the hole in the stone, and put the defective grating over it, and the time of the accident. This period was so short that it may well be supposed to have been a question of serious doubt with the jury whether by the exercise of ordinary care, the city

would have discovered the defect before the occurrence of the acci-dent, for while it was the general duty of the city, through its proper agents, to exercise supervision over, and provide for the safety of, its streets, yet it cannot be said to have been its duty to have a superintendent constantly present wherever work of this kind is being carried on, to watch every step in the process. Its duty in respect to the care of the streets was not limited to this locality, but had to be exercised throughout the city; and it could hardly be reasonably required to keep an inspector constantly present at every place within the city where sidewalks were being constructed by the adjacent property owners pursuant to ordinance. It being so doubtful whether the city should be deemed by the jury to have been negligent in not having discovered the defective grating in the new sidewalk, it was especially important that no improper evidence should be allowed to go before them, which might influence their conclusion upon that point. The plaintiff was permitted to prove, the defendant objecting, that the defect in this grating existed when it was taken out of the old sidewalk, *and that it had been thus defective for some time.* We are of the opinion that this was error, (*Donaldson v. City of Boston*, 16 Gray, 508,) and the prejudicial tendency of the evidence is obvious. There seems to have been no difficulty on the part of the plaintiff in proving the actual existence of this defect when the grating was put in the new sidewalk. There seems to have been no necessity, for the purpose of proving the defect at that time, to show that it had existed long before, while the grating was in the old sidewalk. The natural tendency of such evidence was to lead the jury to the conclusion that, because the grating in the old sidewalk had been so long defective that knowledge of it was to be presumed, therefore it ought to have anticipated that it might be replaced in the new sidewalk, and hence the city should have been more watchful to see that this was not done. The long continuance of the defect in this grating would naturally be regarded by the jury as going to establish the fact that the city had, or ought to have had, knowledge of the very same defect in the new sidewalk. The fact that the grating in the old sidewalk had been thus defective had no proper bearing upon the question of the defendant's negligence in respect to the condition of the new sidewalk, and so the court rightly instructed the jury in its charge. The old sidewalk, including the

defective grating, had been removed, and a completely new stone sidewalk constructed in its place.    The city had no reason to anticipate that the broken grating would be replaced in the new structure, and hence there was no apparent need for watchfulness to prevent that being done.    The bare question for the jury was whether, within the brief period between the putting of this grating in the new sidewalk and the time of the accident, the city ought to have discovered its condition.    If the evidence referred to was improper, we cannot presume that the instruction of the court prevented any harmful effect on the minds of the jury.    For this reason we think that a new trial must be allowed.

We will say, further, that we are of the opinion, although we deem this a close question, that in view of the circumstances that the city knew that this sidewalk was being constructed, and that a great deal of travel passed over this place, it was a question for the jury whether, within the time above referred to, the city ought to have discovered the defect.    While, as has already been said, the city was not required to exercise a *constant* supervision over the work of construction, yet it was its duty to do so to a reasonable extent. *Boucher* v. *City of New Haven*, 40 Conn. 456.

The other assignments of error relate either to questions which will not be likely to arise on another trial, or to points which we do not regard as worthy of particular consideration.

Order reversed.

MITCHELL, J., did not participate in the hearing or decision of this case.

(Opinion published 56 N. W. Rep. 51.)