## A. H. REED *vs.* EDWARD LAMMEL.

### April 30, 1889.

**Insufficient Special Verdict.**—Where a special verdict fails to cover all the issues, the plaintiff is not entitled to judgment thereon.

**Action for Use and Occupation—Licensee.**—An action for use and occupation will not lie against a party in possession of real estate by the license of the owner.

**Issue with no Conflict of Evidence.**—It is error to submit an issue to the jury for their determination upon which there is no conflict of evidence.

Appeal by plaintiff from an order of the district court for McLeod county, *Edson*, J., presiding, refusing a new trial.

*R. M. McClelland,* for appellant.

*Peck & Brown,* for respondent.

VANDERBURGH, J.    This action is for the value of buildings alleged to have been wrongfully removed from plaintiff's premises, and for the use and occupation thereof by defendant.    He had previously recovered judgment in an action of ejectment against the defendant, in which action the title was finally adjudged to be in him.    The substance of the defence is that the defendant erected the buildings upon the land in good faith, under color of title, and having good reason to believe that the title to the same had vested in him, without any notice of any adverse claim, and that he was accordingly entitled to remove the buildings within 60 days after the rendition of the judgment referred to, in pursuance of Gen. St. 1878, *c.* 75, § 14.    He also claims that the evidence tends to show that subsequent to the judgment, and by reason of negotiations pending between the parties for the purchase of the land upon which the buildings were erected, his continued possession and occupancy were under the license of the plaintiff, and that the time and opportunity for removing the buildings was extended.    Upon the trial the evidence was insufficient to bring the case within the section of the statute referred to.    The deed which defendant claims to have given him a colorable title is not in evidence. There is nothing in the record to show that he entered or made the improvements under color of title, or that the buildings did not become and remain part of the freehold and the property of the owner of the land.    So far as the question of the right to recover for the use and occupation is concerned, if the defendant remained in possession under a parol license simply, until the license was revoked he could be treated neither as a trespasser nor a tenant, and for such length of time the plaintiff could not recover damages.    But the special findings do not cover all the issues, and the general verdict was for the defendant.    The plaintiff was not, therefore, entitled to judgment upon the verdict.    The general verdict is not supported or warranted by the evidence, but this is not assigned as error by the plaintiff.    He, however, does assign as error the instruction to the jury submitting

to them the issue in respect to plaintiff's title to the premises. In his answer defendant denied plaintiff's title, and alleged title in himself. But the record shows indisputably that the plaintiff had title and was the owner of the premises, and it was therefore error, presumptively prejudicial to him, to charge the jury, as the court did, that before they could find a verdict for the plaintiff for any sum they must find that the plaintiff had shown himself to be the owner of the premises at the time of the commencement of this action. In view of what has been stated in respect to the other issues, it is unnecessary to refer to other assignments of error.

Order reversed.