AUGUST ROSQUIST *vs.* D. M. GILMORE FURNITURE CO.

Argued May 27, 1892.   Decided June 15, 1892.

**Evidence—Order of.**

It is in the discretion of the trial court to permit evidence to be given in reply which should properly have been given in chief.

**Exception not Sufficiently Specific.·**

In its charge to the jury the court gave almost *verbatim* four out of plaintiff's requests to charge, and all of defendant's, seven in number. The exception taken was: "The plaintiff excepts to the refusal of the court to give plaintiff's 4th, 6th, 7th, 8th, and 9th requests, and to the modification of the 1st and 2d of plaintiff's requests as given.   Plaintiff also excepts to the giving of each of defendant's requests."   *Held* not sufficiently specific.

Appeal by plaintiff, August Rosquist, from an order of the District Court of Hennepin County, *Hooker,* J., made July 27, 1891, refusing his application for a new trial.

The defendant, the D. M. Gilmore Manufacturing Company, was a corporation engaged in manufacturing furniture at its shops in Minneapolis.   Plaintiff was in its employ as a trimmer, and was on August 9, 1890, requested by the foreman to leave his bench and assist in unloading a box of glass from a wagon onto the platform or walk in front of the shop.   This platform was built by defendant about three years prior to that time.   The floor was eight feet wide, composed of two layers of basswood boards each one inch thick, laid on stringers and was about twelve inches above the surface of the ground.   While assisting in lifting the box, his left foot broke through this basswood floor, and he fell and broke his left leg just above the ankle.   The plaintiff gave evidence tending to show a defective condition of the platform, and that defendant's foreman had notice of it.   The defendant also gave evidence upon the same subject.   In rebuttal plaintiff offered to show that the basswood floor of the platform was rotten in places and watersoaked.   This was objected to as not proper in rebuttal, but should have been given before he rested, as a part of his original case.   The court sustained the objection and

plaintiff excepted. He also excepted to the charge of the court. The form and manner of the exception is stated in the opinion. The defendant had a verdict. Plaintiff moved on a bill of exceptions, for a new trial, and being denied, he appealed, and assigned these rulings as error.

*Gjertsen & Rand* and *Arctander & Arctander*, for appellant.

*Hale & Peck*, for respondent.

COLLINS, J. The plaintiff in this action made several attempts, after defendant had rested its side of the case, to introduce testimony tending to show that the materials used for flooring the platform on which the accident occurred were insufficient, and unsuitable for the purpose, principally because lacking in durability. The court rejected this testimony on the ground that it was not rebutting, and this ruling is assigned as error. Evidence of the unsuitable character of the materials used in the construction of the platform would have been competent and admissible in support of plaintiff's original case, and on the question of defendant's negligence; but, when attempting to establish his right to recover in the first instance, plaintiff made no effort to prove anything of the sort. It is true that defendant had previously gone into the manner in which the platform had been built, but this was defensive merely, and in it there was no new or affirmative fact which defendant had endeavored to prove. This testimony was for the sole purpose of meeting and counteracting the plaintiff's contention and proofs as to the character of the place in which he had been put at work. That proposed by plaintiff and excluded by the court was not properly in reply or in rebuttal, but should have been given on the main case. It is in the discretion of the court to permit testimony to be given in reply which should properly have been given in chief, and there is no claim here that the court did not exercise a sound discretion when rejecting plaintiff's offers.

Plaintiff argues that the court erred in its charge to the jury. The charge was unnecessarily lengthy, caused—to some extent, perhaps—by incorporating into it, almost *verbatim,* four out of nine requests to charge submitted in behalf of plaintiff, and also all of defend-

ant's requests, seven in number. It is not improbable that, by closely scrutinizing the charge as given, slight errors might be found, but the only exception to it was in these words: "The plaintiff excepts to the refusal of the court to give plaintiff's 4th, 6th, 7th, 8th, and 9th requests, and to the modification of the 1st and 2d of plaintiff's requests as given. Plaintiff also excepts to the giving of each of defendant's requests." This was nothing more than a general exception, and cannot be distinguished from the exception held not good in *Shull* v. *Raymond*, 23 Minn. 66. See, also, *Pound* v. *Port Huron & S. W. Ry. Co.*, 54 Mich. 13, (19 N. W. Rep. 570;) *Gillett* v. *Wisconsin Co-operative Co.*, 44 Wis. 463; *Tousey* v. *Roberts*, 114 N. Y. 312, (21 N. E. Rep. 299,) and cases cited. The exception did not call attention to the few special matters which appellant's counsel now insist were errors in the charge, so that the court could have acted intelligently and deliberately had it attempted at the time to revise and correct the same. See *Carroll* v. *Williston*, 44 Minn. 287, (46 N. W. Rep. 352;) *State* v. *Miller*, 45 Minn. 522, (48 N. W. Rep. 401.)

Order affirmed.

MITCHELL and DICKINSON, JJ. We are not prepared to say that plaintiff's exception to the court's refusals to charge was not sufficiently specific, but concur in the result, on the ground that such refusals constituted no prejudicial error.