STEPHEN C. RUGLAND *vs.* LAURITZ TOLLEFSEN *et al.*

Argued by appellant, submitted on brief by respondents, April 27, 1893.    Decided May 11, 1893.

**A Misleading Charge to the Jury.**

A charge *held* erroneous because it might mislead the jury to suppose they could, from the evidence, find a certain fact, there being no evidence of such fact.

Appeal by plaintiff, Anna Brooks, (since deceased,) from an order of the District Court of Otter Tail County, *D. B. Searle*, J., made June 20, 1892, denying her motion for a new trial.

After the appeal to this court was perfected and the return filed, the plaintiff departed this life intestate, and Stephen C. Rugland was appointed by the Probate Court of Otter Tail County, administrator of her estate. On application he was substituted as plaintiff in her stead, and the appeal placed on the calendar for argument.

On November 1, 1889, the defendants Lauritz Tollefsen, Jens Tollefsen and Christian Tollefsen, made their promissory note to Sarah Thompson for $290.70 due one year thereafter, with ten per cent. interest. She transferred the note before its maturity to Anna Brooks. It was not paid, and she brought this action to recover the contents. The defendants answered that at the date of the note, the defendant Lauritz Tollefsen was indebted to Stephen C. Rugland $260.70, and made the note in suit for the debt and $30 usury, and the other defendants signed it as his sureties; that

Sarah Thompson was Rugland's mother-in-law and a member of his family, and he was her agent; that he was the real owner of the note and she had no interest in it; that Anna Brooks is his sister-in-law; that the transfer of the note to her was a sham, and only colorable, and that she paid nothing for it, never had possession of it, and is not in fact the owner of it.    On the trial there was evidence that Anna Brooks paid full value for the note.    There was no evidence other than this relationship, that Rugland was her agent or acted for her in the purchase.    The trial Judge charged the jury however, that if they believed Rugland was the agent of Anna Brooks in the purchase, his knowledge of the usurious inception of the note might be imputed to her, and she could not recover.    The plaintiff excepted.    The jury returned a verdict for defendants.    The plaintiff moved for a new trial, but was denied, and she appealed.

*Charles C. Houpt*, for appellant.

From the testimony of Rugland's wife, it appears that the negotiation for the purchase of the note was conducted by Anna Brooks in person.    There is an entire absence of any testimony in the record to contradict the claim of Anna Brooks that she was an innocent purchaser of the note in suit, for value, before maturity. It was therefore error to charge the jury regarding Rugland's agency.    As an abstract statement of law, this portion of the court's charge may be correct; but as applied to the facts in this case, it was prejudicial and without foundation of fact.

*Jenkins & Treat*, for respondents.

After proof of usury in the inception of the note, the burden of proving herself an innocent purchaser of the note before maturity for value, was cast upon the plaintiff.    The testimony of Mrs. Rugland (plaintiff's sister) does not relate to the actual transfer of the note from Sarah Thompson to Anna Brooks, but to a conversation between them about a sale and purchase of the note.    Mrs. Brooks has not satisfied the rule, that under such circumstances as are in this case, she must prove that she purchased the note in good faith, and for value.    *Cummings* v. *Thompson*, 18 Minn. 246, (Gil. 228.)

The evidence in the record fairly applicable to the relation be-

tween Rugland and Anna Brooks is sufficient to justify the charge of the court upon the subject of agency between them, and the terms of the charge on that point are like those approved in *Lebanon Savings Bank* v. *Hellenbeck*, 29 Minn. 322.

GILFILLAN, C. J.  Upon the question whether, when she purchased the note in suit, the plaintiff had notice of its usurious character, the evidence, though scant, was probably enough to justify leaving it to the jury.  But there was no evidence whatever that Rugland acted as her agent in making the purchase, and therefore the charge that if the jury believed that he was her agent to make, and as such made, the purchase, his knowledge as to the character of the note would be notice of it to her, and she could not recover, was erroneous, because it might mislead the jury into supposing they could, from the evidence, find such agency.

Order reversed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 123.)