JAMES K. VAN DOREN v. J. A. WRIGHT and Another.[1]

June 8, 1896.

Nos. 9997—(116).

**Verdict Sustained.**

*Held,* that the evidence was sufficient to justify the verdict.

**Granting New Trial—Discretion.**

A court might be justified, in the exercise of its discretion, in granting a second trial, on the ground that the verdict was against the evidence, when it would not be justified in granting a third or subsequent trial on the same ground.

**Same—Successive Verdicts.**

Where there have been four successive verdicts in favor of the same party, three of which had been set aside on the ground that they were not justified by the evidence, it would be an abuse of discretion to set aside the fourth verdict on the same ground, provided it was fairly justified by the evidence.

**Instructions—Evidence.**

It is prejudicial error to submit a case to the jury upon a point upon which there is no evidence.

Upon Application for Reargument.

June 23, 1896.

**Instructions—Exceptions.**

Where several separate and distinct "requests," each containing but a single proposition of law, are given, an exception "to each and all of them" is sufficient.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., granting motion of defendant J. A. Wright to set aside a verdict in favor of plaintiff for $165.25, and for a new trial. Affirmed.

*Francis Bergstrom* and *Fred. W. Reed,* for appellant.

*Wilson & Van Derlip,* for respondents.

MITCHELL, J.   This action was brought to recover the value of merchandise sold by plaintiff and delivered to third parties upon the

[1] Reported in 67 N. W. 668; 68 N. W. 22.

order of defendant and his promise to pay for it, the order and promise being made in his behalf by his agent and brother, S. H. Wright. The case was here on a former appeal. 54 Minn. 455, 56 N. W. 51. It has been tried four times, each trial resulting in a verdict for the plaintiff, and in each instance the verdict has been set aside. This appeal is from an order setting aside the verdict, and granting still another trial, on the ground that the verdict was not justified by the evidence.

There has never been any question but that the goods were delivered, that they were of the value alleged, and have not been paid for. The defenses have been—First, that defendant's brother had no authority to order goods delivered to these parties on defendant's credit; and, second, that the brother only ordered goods delivered to the amount and value of $25. There was ample evidence to justify the jury in finding that the goods were delivered on the order of defendant's brother, assuming to act as his agent, and that there was no such limit on the amount to be delivered as claimed by the defendant. It appears that the court granted a new trial exclusively on the ground that there was not sufficient evidence to show that S. H. Wright had authority to order goods to be delivered on defendant's credit, at least not in excess of $25. And from the judge's memorandum he seems to have arrived at this conclusion, not so much on his own judgment, as from the fact that this court, on the former appeal, said that the evidence then before us was insufficient to show S. H. Wright's general agency, and that, in the opinion of the judge, the additional evidence introduced on the last trial added nothing to the strength of plaintiff's case in that respect.

On this last proposition we are compelled to differ from the learned trial judge. On the last trial there was a large amount of evidence, almost entirely lacking on the former trial, tending to show that defendant had, by his previous course of conduct, clothed his brother with apparent, if not actual, authority, as his general agent, to order goods in his name and on his credit. This additional evidence tended, not only to prove apparent authority, but also to corroborate other evidence of actual authority.

While, in our judgment, the evidence was ample to justify the verdict, yet, under the familiar rule of Hicks v. Stone, 13 Minn. 398 (434), the preponderance was not so manifestly and palpably in favor

of the verdict that we would be justified in holding that the court abused its discretion in granting a new trial, provided there had been but one trial of the case. But there is a limit to this rule, and there must be an end of litigation. A court may be justified in granting one new trial, when it would have no right to set aside several successive verdicts, especially if all were in favor of the same party. It would certainly be error, after four trials, and four successive verdicts in favor of a party, to set aside the verdict, as being against the evidence, provided there is sufficient evidence to fairly justify it. Of course, this rule would not apply, if prejudicial errors of law occurred during the trial, which were duly excepted to, and urged as a ground for a new trial. Unfortunately, this is the condition of this case.

The court instructed the jury that if, after considering all the evidence in the case, they believed that defendant "instructed his brother" "to take Dobson and Calloway into plaintiff's store at Herman, Minnesota, at the time in question, and tell the plaintiff to let those boys have what goods they would want from time to time, and charge them to him," etc., then their verdict must be for the plaintiff for the full value of the goods so sold. There was not a particle of evidence that the defendant ever gave his brother any such instruction, and the court had previously in substance so stated to the jury. How counsel came to ask for, and the court to give, such an instruction, it is difficult to understand. To thus submit the case to the jury upon a point upon which there was no evidence was clearly calculated to mislead them, and was prejudicial error, which entitled the defendant to a new trial. The fact that the court may have granted it upon another and untenable ground is immaterial. One of the grounds upon which a new trial was asked for was errors of law occurring at the trial and duly excepted to.

Order affirmed.

### Upon Application for Reargument.

#### June 23, 1896.

MITCHELL, J. The only ground upon which a reargument is asked for is that there was no sufficient exception to the instruction which we held to be erroneous,—a question not referred to in the opinion heretofore filed. The facts are that plaintiff asked the

court to give to the jury five separate and distinct requests, each containing but a single proposition of law. The court gave all five of them, adding some explanations and comments on the first and second, but giving the third, fourth, and fifth without note or comment. It was the fourth which we held was erroneous. Defendant's exception was as follows: "Defendant excepts to each and all the requests of the plaintiff that have been given by the court, and the comments made thereon."

According to Rosquist v. D. M. Gilmore Furniture Co., 50 Minn. 192, 52 N. W. 385, and Steffenson v. Chicago, M. & St. P. Ry. Co., 51 Minn. 531, 53 N. W. 800, we suppose that this exception would not be good. But we cannot follow the decisions in those cases to the extent to which they go. The cases cited in the opinions in support of these decisions are not parallel cases, as will be seen by reference to them. Neither are the New York cases cited by plaintiff analogous, notably Walsh v. Kelly, 40 N. Y. 556; Requa v. City of Rochester, 45 N. Y. 129; and Ayrault v. Pacific Bank, 47 N. Y. 570. In each of them there will be found, on examination, a state of facts readily distinguishable from this case. If defendant had said, "I except to the giving of plaintiff's first request, and I also except to the giving of plaintiff's second request," and so on, no one would claim that the exceptions were not sufficiently specific. But why require this tautology? How much more specific is this, or why is it more likely to direct the attention of the court to the error excepted to, than to say, "I except to the giving of each and all of the requests given?"

We therefore hold that, where several separate and distinct requests, each containing but a single proposition of law, are given, an exception to "each of them" is sufficient, and hence that defendant's exception was good as to the fourth request. Whether it would be good as to those requests upon which the court gave comments might be another question, for it might be said that it did not sufficiently indicate whether the exception was aimed at the request or at the comments.

Application denied.