## CHRISTIAN RIHMANN v. GEORGE J. GRANT CONSTRUCTION COMPANY.[1]

June 2, 1911.

Nos. 17,121—(170).

**Duty of master — planks for scaffold.**

An employer, who has erected a safe scaffold, on which loose planks are to be placed by his employees for staging, which are to be shifted from point to point as the necessities of the work require, is bound to furnish therefor, at places within a reasonable distance of the point where they are to be used, planks suitable in quantity and quality; but he is not required to see that they are adjusted and kept in place.

**New trial — submission to jury on wrong theory.**

The defendant is not entitled to judgment notwithstanding the verdict; but it is entitled to a new trial, for the reason that the case was submitted to the jury upon a theory for which there was no basis in the evidence.

Action in the district court for Ramsey county to recover $20,300 for personal injuries. The complaint alleged that plaintiff was directed by defendant to go upon a certain scaffold and to work thereon,

[1] Reported in 131 N. W. 478.

[Note] Servant's assumption of risk from changing condition of the working place during progress of work, see note in 19 L.R.A.(N.S.) 340.

that he obeyed the command and, while observing carefully the directions of defendant and within ten minutes after going upon the scaffold, the scaffold and platform upon which plaintiff was standing fell to pieces, by reason whereof plaintiff was precipitated to the ground thirty feet below and injured. The answer alleged plaintiff's negligence resulting in the injuries sustained; and admitted that he was fifty-two years of age and earning forty-five cents an hour as a carpenter. The reply was a general denial of new matter in the answer. The case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $7,600. From orders denying defendant's motion for judgment notwithstanding the verdict and for a new trial, defendant appealed. Reversed and new trial granted.

*Price Wickersham,* for appellant.

*John W. Willis* and *Emil W. Helmes,* for respondent.

START, C. J.

Personal injury action, in which the plaintiff was awarded a verdict for $7,600. The defendant appealed from an order of the district court of the county of Ramsey denying its motion for judgment or a new trial.

The evidence, taking the most favorable view of it for the plaintiff, tends to show these facts:

The defendant, as a contractor, was engaged in erecting a concrete grand stand at the State Fair Grounds, and constructed a false work staging to support the girder forms or molds into which the concrete was to be poured to make girders or supports for the floors. The plaintiff, a carpenter, was employed by the defendant on the work. On June 15, 1909, and while he was working thereon, he fell therefrom and was seriously injured. The false work at the time of the accident spread over an area of some three hundred feet long, east and west, by two hundred feet wide north and south, and was twenty-four feet high. It consisted of four by six upright posts that stood in rows running north and south twelve feet apart. The posts in each row were four feet apart, and were held in place by one by six horizontal braces, made of No. three grade of pine timber, that

ran east and west and north and south. The spaces between the rows of posts that ran north and south were called "sections." The braces which ran east and west extended across these sections from one row of posts to the other, and were twelve feet long and four feet apart. The ends thereof rested on the braces that ran north and south, and were nailed to the upright posts at a point six feet above the ground, and constituted the first level or tier. There were three in all. Along the sides of each tier, and resting on the cross-braces next to the posts, were loose two by four planks. They were placed end to end, so that the workmen could stand upon them and work on any part of the structure adjacent thereto, and also move thereon from place to place. The girder forms or molds, which were two feet square, were constructed in the middle of the sections, and placed, by means of a plumb bob, exactly over the concrete abutment for the upright columns, the molds for which had not been constructed at the time of the accident.

During the forenoon of the day of the accident, the plaintiff was working at a safe place in the section just above the one in which he was injured. At about two o'clock in the afternoon he and two fellow carpenters were directed by the foreman in charge of the particular work to plumb a girder box or mold which they were putting in place. It was necessary for the men, in order to do this work, to go into the section next below, in the center of which there were no planks or staging for them to stand upon in doing the work they were directed to do. The plaintiff went for a plumb bob, and one of the other two men, in his absence, took one of the planks lying next to the posts and placed it diagonally across two of the braces running east and west, in order to secure a place to stand while they knocked off a brace and plumbed the girder box. When the plaintiff returned, one of the men was on the plank. As he stepped upon the plank to assist in the work, it and one of the cross-braces broke, and he was thereby thrown to the ground, twelve feet below, and injured. He was a carpenter of thirty years' experience.

The evidence justifies the conclusion that it was not practicable to have placed in the several sections complete staging before the girder molds were in place, and that the workmen were expected to, and

were accustomed to, place planks in the center of the sections for staging whereon to stand in doing their work. There was also evidence to the effect that the proper way to place the planks was to place them lengthwise the section—that is, running east and west, resting upon the two by ten planks next to the uprights; and if one such plank was not considered safe by the carpenters they would put another one on top of it. The one by six boards running east and west were primarily intended to brace the false work, and were sufficient for that purpose. There was no evidence that the defendant or any one representing it ordered the plaintiff upon the plank from which he fell, or that it knew that the plank had been placed upon the cross-braces to be used as a staging.

1. The first contention of the defendant is that upon the undisputed evidence it is entitled to judgment absolute notwithstanding the verdict. In this connection it urges that by the complaint the plaintiff's cause of action is predicated solely upon the alleged fact that he was ordered by the defendant to go upon the particular plank or staging from which he fell, and, there being no evidence to sustain the allegation, judgment absolute must follow. If the premises of the argument were conceded, the conclusion would not necessarily follow; for if the facts which the evidence tends to prove, if properly alleged in the complaint, would be sufficient to sustain a verdict for the plaintiff, the defendant is not entitled to judgment. If the complaint is not sufficient to permit a recovery upon the facts which the evidence tended to prove, it can be amended, and the action tried on its merits. If, however, it is obvious from the undisputed evidence that the plaintiff cannot make a case for the jury, even if the complaint be amended, the defendant is entitled to judgment; otherwise, not. This presents the pivotal question for our consideration. The law applicable to the facts which the evidence tended to establish is well settled. The defendant was not obliged to furnish in a completed state staging for the particular work to be done. Jennings v. Iron Bay Co., 47 Minn. 111, 49 N. W. 685.

The character of the structure and the work to be done clearly indicate that the only practical method was to use loose planks for staging, so that they could be shifted by the workmen from point to

point as they were needed. It was not the personal duty of the defendant to supervise the adjustment of the planks; but it was its absolute duty to furnish lumber suitable in quantity and quality for necessary staging. Again, if the defendant in the exercise of due care ought to have anticipated that any of the workmen might reasonably use the cross-braces as a support for the staging, it was bound to exercise due care to make them safe for that purpose. We are of the opinion that the evidence was sufficient to have taken the case to the jury, assuming the complaint to have been sufficient, on the questions whether the defendant did furnish timber suitable in quality and quantity for staging, and whether it ought to have anticipated that the cross-braces would be used as a part of the staging; and, if so, whether it exercised due care to make them safe for that purpose. Whether the plaintiff was guilty of contributory negligence or assumed the risks were questions for the jury. It follows that the defendant is not entitled to judgment notwithstanding the verdict.

2. The only other general question is whether the defendant is entitled to a new trial. A large number of errors are assigned as to the rulings of the court on the admission of evidence and in its charge to the jury. We need not refer to the alleged errors in detail; for we are of the opinion that the case was, in one vital particular at least, submitted to the jury upon a theory for which there was no basis in the evidence. There must be a new trial for this error, if for no other.

The jury were instructed as follows: "It is the contention of the plaintiff that he was directed to go upon the place where he was when he was injured, and that he found a plank; that he did not know who placed it there. His contention is that he was ordered to go upon the structure; that it was intended that he should go upon the particular staging where the plank was resting, out upon the ledger boards. This is one of the contentions that you must determine."

The jury, upon this and other portions of the charge, may well have understood that there was evidence, if satisfactory to them, which would justify them in finding that the plaintiff was ordered by the defendant to go upon the particular plank from which he fell.

This was reversible error; for, as stated, there was no evidence to sustain such a finding. It is true that in other portions of the charge the question was, in effect, submitted to the jury whether or not the defendant in the exercise of due care ought to have anticipated that one or more of its employees would place a plank in the center of the section on the cross-braces, as was done, and use it as a staging in putting in the girder molds. It is impossible to determine, from the charge and the general verdict, on which one of the propositions submitted to the jury the verdict was based. Peterson v. Chicago, M. & St. P. Ry. Co., 36 Minn. 399, 31 N. W. 515.

It is proper to state, with reference to a new trial, that it was error to limit defendant's evidence tending to show that it furnished planks and other material, suitable in quality and quantity for staging, to the section in which the accident happened and the one next above it. The question whether such material was furnished at places within a reasonable distance from the point it was to be used was one of fact for the jury.

Order reversed, and a new trial granted.