## SWAN A. ANDERSON v. LOUIS WORMSER.[1]

March 5, 1915.

Nos. 19,043—(258).

**Contributory negligence — error in charge to jury.**

> The plaintiff was injured in a passenger elevator. In an action for damages for his injury there was a verdict for defendant. The court instructed the jury that if the plaintiff got into the elevator when it was moving he was guilty of contributory negligence. It was not moving. The instruction is *held* error justifying the order granting plaintiff a new trial.

Action in the district court for Hennepin county to recover $3,000 for personal injuries. The case was tried before Molyneaux, J., and a jury which returned a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial on the sole ground of errors of law, defendant appealed. Affirmed.

*P. J. McLaughlin,* for appellant.

*Arthur E. Olson* and *E. F. Hilton,* for respondent.

DIBELL, C.

This is an action to recover damages for injuries sustained by the plaintiff in a passenger elevator of the defendant. There was a verdict for the defendant. The court granted a new trial. The defendant appeals.

The plaintiff's claim is that he went from his office on the third floor to the elevator, and stepped in, when, seeing someone about to enter his office, he started out and was caught and injured by the operator negligently starting the elevator. The defendant's claim is that the elevator had started down when the plaintiff came from his office, that the operator stopped the elevator a foot or so below the floor for plaintiff's accommodation, and that in stepping in he stumbled and fell. There was evidence in support of these two theories and in support of no other.

[1] Reported in 151 N. W. 423.

The court properly instructed the jury on the plaintiff's theory. On the defendant's theory its instruction was that if the plaintiff undertook to board the car while it was moving downward he was negligent as a matter of law. There is no evidence that the elevator was moving.

The court was mistaken as to the evidence. The result was the misleading instruction. It is true that counsel for the plaintiff did not call the attention of the court to the fact that there was no evidence that the elevator was moving. Neither did counsel for the defendant. The defendant was the one to gain by the mistake. All proceeded upon the theory that there was evidence that the car was moving downward. What the proper instruction on contributory negligence is when a passenger steps into a moving elevator we do not consider. There is no such question before us. It was suggested to the jury by the instruction that it might find from the evidence that the elevator was moving. The instruction was prejudicial. It justified the granting of a new trial.

Order affirmed.