IGNACY ZAKRZEWSKI v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 19, 1915.

Nos. 19,451—(113).

**Carrier — loading of live stock.**

    1. A carrier, having provided at a station yard-facilities for the loading and shipment of stock, must use reasonable care to keep its facilities in such condition and so equipped that animals awaiting shipment may receive proper care and attention during a reasonable time prior to loading. Zakrzewski v. Great Northern Ry. Co. 125 Minn. 125, followed.

**Evidence of custom.**

    2. Evidence of the customary time and method of assembling stock for shipment is admissible on this issue.

[1] Reported in 154 N. W. 966.

───────────────

Note.—As to duties of carriers of live stock as to pens or yards at station, see note in 44 L.R.A. 289.

**Trial — reinstating evidence stricken out — charge to jury.**

> 3. Where evidence which has been fully heard by the jury has been ordered stricken out after both parties have rested their case, it is not error to restore it again, provided the evidence was competent, and this is the effect of an instruction to the jury that the evidence was proper for them to consider in arriving at their verdict.

**Same — limitation of rule.**

> 4. This rule is limited in its operation to cases where testimony is stricken after the case is closed.

Action in the municipal court of Minneapolis to recover $159.69 for failure to furnish for value plaintiff's live stock with water or food of any kind while awaiting shipment from the station of Stephen, Minnesota, and for failure to maintain defendant's yard or pen in a reasonably dry and sanitary condition. The answer was a general denial. The case was tried before Bardwell, J., who when plaintiff rested granted defendant's motion to amend its answer and denied its motion to dismiss the action, and a jury which returned a verdict for $140. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelright & Dille, H. C. Mackall* and *M. L. Countryman,* for appellant.

*Stiles & Devaney* and *E. J. Frisbee,* for respondent.

HALLAM, J.

In October, 1912, defendant followed the practice of receiving stock for shipment south out of its station at Stephen, Minnesota, only once a week on a train scheduled to leave at noon on Saturdays. As an incident to the shipment of stock from that station, defendant provided yard and loading facilities. On Friday, October 4, plaintiff assembled at Stephen certain stock for shipment south on the following day. His claim is that defendant negligently maintained its yard in such an unfit and unsanitary condition that his stock suffered damage.

1. The action has been tried twice. The first trial resulted in a verdict for plaintiff. On appeal this court held that defendant, having provided yard facilities, must use reasonable care to keep them in such condition and so equipped that animals awaiting shipment may receive

proper care and attention during a reasonable time prior to loading, and that the evidence made a case proper for submission to a jury on the question whether this duty was fulfilled. A new trial was granted because of erroneous instructions to the jury. 125 Minn. 125, 145 N. W. 801.

On the second trial the evidence was much the same as on the first trial. It was proper to submit the case to the jury. The court in his charge carefully followed the former decision of this court. The jury found for plaintiff, and defendant appeals.

2. We see but one doubtful question in the case. On the trial the court received evidence offered by plaintiff as to the circumstances of assembling and shipping stock and as to a practice or custom of shippers to assemble their stock on Friday for shipment the next day. After defendant rested and the testimony was closed, and after a motion by defendant for a directed verdict had been made and denied, defendant's counsel moved that all testimony relating to this custom or practice be stricken out. The court granted this motion. After a recess, the court charged the jury, and, among other things, instructed them as follows:

"But it is the duty of the carrier to use and exercise reasonable and ordinary care to maintain and keep such yards or pens in a reasonably safe, fit and suitable condition for the reception and yarding of such live stock for a reasonable space of time, to be determined in any given case by the time of arrival and departure of the trains * * * on which it customarily receives and transports live stock from such station, the usual and customary manner and time of assembling such live stock at such station for loading and shipment, the common and general course of dealing between such carrier and shippers at such station, and from all the surrounding facts and circumstances in the case."

It is contended that the above charge was erroneous; that, since the evidence as to the custom and practice of shippers had been stricken out, there was no evidence on this point for the jury to consider, and that this instruction was erroneous under the rule that it is error to submit matter to the jury upon which there is no evidence. This rule is well recognized. Reed v. Lammel, 40 Minn. 397, 42 N. W. 202; Rugland v. Tollefsen, 53 Minn. 267, 55 N. W. 123; Van Doren v. Wright, 65 Minn. 80,

67 N. W. 668, 68 N. W. 22; Anderson v. Wormser, 129 Minn. 8, 151 N. W. 423. The question is as to its applicability to this case.

If the evidence was properly stricken, the instruction of the court was wrong. Upon that question there can be no two opinions. We are unable, however, to see any ground for striking out this testimony. It was evidence of the customary course of business in the assembling and shipping of stock, it bore on the question of what was a reasonable time therefor, and to us it seems to have been relevant and proper. Jacobs v. Tutt, (C. C.) 33 Fed. 412; Powell v. Myers, 26 Wend. 591.

It was undoubtedly within the province of the court to reinstate the evidence, and an order directly reinstating it would have been proper.

3. We are of the opinion that the instruction of the court directing the jury that they might consider this evidence, operated necessarily to reinstate it. We are impressed with the rule laid down in McGraw v. Sturgeon, 29 Mich. 426, which is summarized in the syllabus of that case as follows:

"Where evidence which has been fully heard by the jury has been ordered stricken out after both parties have exhausted their proofs on the point, it is not error to restore it again, provided the evidence was competent; and this would be the effect of an instruction to the jury that the point at which such evidence was directed was a material one for them to determine."

A rule similar in principle was laid down in House v. Wilder, 47 Ill. 510, where it was held that where evidence varies from the pleadings the court may exclude it, and if there is a variance and the evidence does not tend to prove the cause of action as laid, an instruction to the jury to find for defendants operates as an exclusion of the evidence.

When we consider that the effect of a reversal would merely be to require another submission of this case to another jury on the same charge and on the evidence which the jury were instructed to consider in this case, the propriety of this rule becomes apparent.

4. This rule must of course be limited in its operation to cases where the testimony is stricken after the case is closed. Testimony stricken, even though improperly, during the course of the trial cannot ordinarily be reinstated after the case is closed, for this would operate to deprive

the party, on whose motion it was stricken, of the opportunity to rebut it. Nye v. Kelly, 19 Wash. 73, 77, 52 Pac. 528.

But when testimony is improperly stricken by order made after the case is closed, the person on whose motion it was stricken cannot complain of its reinstatement at any time before submission of the case to the jury. He is not misled and has suffered no prejudice. If anyone is prejudiced it is his opponent who may possibly suffer at the hands of the jury by the erroneous action of the court in striking it out.

Order affirmed.