## H. M. LUFKIN v. W. J. HARVEY AND ANOTHER.[1]

December 3, 1915.

Nos. 19,380—(49).

**Parent liable for necessaries furnished child.**

1. Parents are bound to provide a minor child with necessaries. If they neglect to so provide, they may become liable to a third person who furnishes necessaries even without their consent. Where they are ready to so provide, a third person can claim liability only on ground of contract, express or implied. This action is for necessaries supplied to a minor son, and it is based upon an implied contract.

**Emancipation of child — evidence.**

2. Defendants rely on a claim that their son had been emancipated, and hence a contract on their part to pay should not be implied. Emancipation may be complete, in which case it relieves the minor from custody and control of the parents and destroys the filial relation, or it may be partial. The evidence shows no more than a gift to the son of his earnings and the right to make contracts of employment. Complete emancipation cannot be inferred from such evidence. If the earnings given are sufficient to supply the son with all necessaries, the parents are under no further liability; if not, the parents remain liable for any necessaries which the wages are not sufficient to supply.

**Error to submit issue to jury.**

3. There was no evidence in the case that plaintiff was employed by parties other than defendants, and a submission of that question to the jury was error.

After the former appeal reported in 125 Minn. 458, 47 N. W. 444, the answer was amended to set up as a new defense that the minor, prior to the performance of plaintiff's services, had been emancipated. The case was tried before Finehout, J., and a jury which returned a verdict in favor of defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed and new trial granted.

[1]Reported in 154 N. W. 1097.

Note.—As to parents' duty to support child generally, see note in 57 L.R.A. 728.

*E. O. Wergedahl* and *John R. Donohue,* for appellant.
*Wickersham & Churchill,* for respondents.

HALLAM, J.

This case was before this court on a former appeal. 125 Minn. 458, 147 N. W. 444. The action was brought to charge defendants with liability for medical and surgical services furnished to a minor son. On the former trial, the trial court, trying the case without a jury, held that plaintiff had pleaded only an express contract, and that no express contract was proven, and on this ground decided the case for defendants. This court held that the complaint pleaded also an implied contract and that there was evidence of an implied contract, and remanded the case to be tried on all the evidence. The case was retried before the court and a jury. The jury found for defendants and plaintiff appeals.

1. Plaintiff again relied upon an implied contract. The evidence, from which it is claimed a promise of defendants to pay should be implied, is, in brief, that their son had been injured in the yards of the Union Depot Company, where he was employed, and was taken to a hospital; that plaintiff was called by a friend and repaired to the hospital. An immediate operation was necessary. He performed this operation, and later a second operation, and continued to treat the son for a period of nine months, all with the knowledge and acquiescence of defendants. The necessary character of the services is admitted.

In general, parents are bound to supply a minor child with the necessaries of life. They may be held liable to pay for necessaries furnished by a third person to a minor child without their contract or consent where there is an omission of duty on their part to furnish necessaries, as where the need exists and the parents refuse or neglect to act (29 Cyc. 1609 (6, 7); Brown v. Deloach, 28 Ga. 486; Town of Farmington v. Jones, 36 N. H. 271; Tomkins v. Tomkins, 11 N. J. Eq. 512; Clinton v. Rowland, 24 Barb. 634); or in case of some special exigency rendering the interference of the third person reasonable and proper, as in case of illness at a distance from the parental home. Keaton v. Davis, 18 Ga. 457; Porter v. Powell, 79 Iowa, 151, 44 N. W. 295, 7 L.R.A. 176, 18 Am. St. 353. Where, however, the minor is provided for by his

parents, there is no occasion for third persons to interfere, and in such case the parents are not liable for articles of the necessary class which a third person may furnish to their child, unless they agree to pay therefor. Such agreement may be implied from the existence of the parents' duty to provide for their child and their knowledge that a third person is furnishing necessaries with the expectation that they will pay therefor. Lufkin v. Harvey, 125 Minn. 458, 147 N. W. 444. It is on this ground that liability is claimed in this action.

2. Defendants seek to avoid liability on the ground that they had emancipated their son, claiming that they were for that reason not liable under any circumstances for necessaries furnished to him. It may be conceded that no implied contract could arise under the facts of this case, unless there existed a duty on the part of the defendants to provide their son with necessaries. In other words, a contract would not be implied from the facts in this case if the son had been of full age; but, if defendants were under obligation to provide their son with necessary surgical care, an obligation to pay might well arise from the facts in evidence.

The evidence as to emancipation on which defendants rely is as follows: The son was at the time of his injury about 18 years old. He was living at home with his parents. For about two years he had worked out, and for about one year had worked for the Union Depot Company. He secured that job himself; made his own contract; collected his own wages; kept or spent his own money as he pleased, and paid for his board at home.

Under the English common law, emancipation of children by their parents as we now understand the term was quite unknown. Schouler, Dom. Rel. (5th Ed.) § 267; Rex v. Inhabitants of Roach, 6 T. R. 247; Rex v. Inhabitants of Wilmington, 5 Barn. & Ald. 525. In the United States the doctrine of emancipation has been applied with some liberality. Emancipation is not, however, to be presumed. It must be proved. Inhabitants of Sumner v. Inhabitants of Sebec, 3 Me. 223; Lisbon v. Lyman, 49 N. H. 553. A minor may be emancipated by an instrument in writing, by verbal agreement, or by implication from the conduct of the parties. Clay v. Shirley, 65 N. H. 644, 23 Atl. 521. There may be complete emancipation, even though the minor continues

to reside with his parents. 29 Cyc. 1674; Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763; Donegan v. Davis, 66 Ala. 362; Dierker v. Hess, 54 Mo. 246, 250; McCloskey v. Cyphert, 27 Pa. St. 220; Beaver v. Bare, 104 Pa. St. 58, 62, 49 Am. Rep. 567.

Complete emancipation gives to the minor his time and earnings and gives up the parents' custody and control, and in fact works an absolute destruction of the filial relation. Inhabitants of Lowell v. Inhabitants of Newport, 66 Me. 78. Emancipation may, however, be partial. A minor may be emancipated for some purposes and not for others. The parent may authorize his minor child to make contracts of employment and collect and spend the money earned and still not emancipate him from parental custody and control. Porter v. Powell, 79 Iowa, 151, 44 N. W. 295, 7 L.R.A. 176, 18 Am. St. 353; Hunycutt & Co. v. Thompson, 159 N. C. 29, 74 S. E. 628, 40 L.R.A. (N.S.) 488, Ann. Cas. 1913E, 928.

There is some authority for the proposition that complete emancipation of a minor relieves the parent of all duty of support, and that the mutual rights and obligations of parent and child are then the same as though the child were of lawful age. Schouler, Dom. Rel. (5th Ed.) § 268. We are not confronted with that question here, since we consider the evidence insufficient to show a complete emancipation. It shows no more than an assent on the part of the parents that the boy should hire out and collect and spend what he earned. Complete emancipation cannot be inferred from these facts alone. Dunks v. Grey, 3 Fed. 862; Inhabitants of Searsmont v. Inhabitants of Thorndike, 77 Me. 504, 1 Atl. 448; Nicolaus v. Synder, 56 Neb. 531, 76 N. W. 1083. .

Taubert v. Taubert, 103 Minn. 247, 114 N. W. 763, is cited as establishing a contrary rule. We do not think that decision can be so construed. In that case a widowed mother conducted a tanning and fur dyeing business. She employed a minor son to work for her in the factory for the stipulated compensation of six dollars a week and board and lodging in her home. It was held that the evidence was sufficient to justify submission to the jury of the question whether she freed him from her parental custody and control. The opinion in the case does not purport to state all the evidence upon which the finding of emancipation was sustained. The record contains some showing that

131 M.—16

the mother not only gave her son his earnings, but that she told him that he .might go to work and "take care of himself," and do what he wanted to, and that he assented thereto.

When we consider that complete emancipation involves an absolute destruction of the filial relation, it is quite clear that it should not be inferred from the fact alone that the parent gives the child the right to hire out and collect and disburse his earnings. It is matter of common knowledge that, in very many, if not in most, cases where such right is given to minor children living at home there is no thought of destruction of the filial relation.

We think a gift to the son of his wages has about the same bearing upon the liability of the parent for necessaries that a gift of any other money would have. If it is sufficient to supply the son with all necessaries, he may not pledge his parents' credit and the parents are not chargeable therewith. If it is not sufficient, the parents remain liable for any necessaries which the wages are not sufficient to supply. This is the substance of the rule of many cases where recovery has been sustained against a parent for necessaries furnished to a minor child, notwithstanding such minor has been given his earnings. Porter v. Powell, 79 Iowa, 151, 155, 44 N. W. 295; Cooper v. McNamara, 92 Iowa, 243, 60 N. W. 522; DeWane v. Hansow, 56 Ill. App. 575; Hunycutt & Co. v. Thompson, 159 N. C. 29, 74 S. E. 628, 40 L.R.A. (N.S.) 488, Ann. Cas. 1913E, 928; see also Swain v. Tyler, 26 Vt. 9. We have not attempted to harmonize all the cases bearing upon this question. Some contain language not consistent with this decision. Giovagnioli v. Fort Orange. Const. Co. 148 App. Div. 489, 133 N. Y. Supp. 92; Johnson v. Gibson, 4 E. D. Smith (N.Y.) 231. Some even hold that a parent is under no obligation to support his minor children. Kelley v. Davis, 49 N. H. 187, 6 Am. Rep. 499; Raymond v. Loyl, 10 Barb. 483; Gordon v. Potter, 17 Vt. 348. The principles we have stated appear to us just, and are, we believe, well sustained by authority.

Our conclusion is that there is ample evidence of an implied contract on the part of these defendants to pay for plaintiff's services, and that the defense of emancipation is not made out. We do not consider the case one where we can order judgment for the plaintiff notwithstanding the verdict, and a new trial must be granted.

3. For purposes of a new trial, reference should be made to another portion of the charge. During the trial defendants made persistent effort to elicit from plaintiff some evidence that he was in fact employed by the Union Depot Company and that he looked to that company for payment. The attempt at such proof wholly failed. Nevertheless, the court instructed the jury as follows:

"There has been some testimony here on the part of the defendants that the plaintiff looked to the Union Depot Company for the payment of the bill, which plaintiff denies. But if you find that the plaintiff in the first instance attempted to collect his bill from the Depot Company, that he looked to them for the payment of the same, that he considered the Depot Company responsible for the payment of the bill, he could not hold the defendants liable, then in that case your verdict will be for the defendants."

There was no evidence as to any of these matters. By giving this instruction, the court submitted to the jury an issue upon which there was no evidence. This was error. Reed v. Lammel, 40 Minn. 397, 42 N. W. 202; Rugland v. Tollefsen, 53 Minn. 267, 55 N. W. 123; Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668, 68 N. W. 22; Anderson v. Wormser, 129 Minn. 8; 151 N. W. 423.

Order reversed and new trial granted.