# PETER VUKOS v. DULUTH STREET RAILWAY COMPANY.[1]

December 30, 1927.

No. 25,843.

**New trial granted because question of contributory negligence of plaintiff was wrongly submitted to jury.**

Where there is no evidence of contributory negligence, submitting that question to the jury is error.

Motor Vehicles, 42 C. J. p. 1177 n. 94.
Trial, 38 Cyc. p. 1618 n. 36.

---

See note in 8 L.R.A.(N.S.) 597; L. R. A. 1917A, 761; 20 R. C. L. 162; 3 R. C. L. Supp. 1040; 4 R. C. L. 1341; 5 R. C. L. 1084.

Plaintiff appealed from a judgment of the district court for St. Louis county, Kenny, J.   Reversed.

*Thomas J. Doyle,* for appellant.
*G. A. E. Finlayson,* for respondent.

TAYLOR, C.

Action to recover for injuries received in a collision between defendant's street car and an automobile in which plaintiff was riding as a passenger.   The jury returned a verdict for defendant, and plaintiff appealed from the judgment entered thereon.

Whether plaintiff was guilty of contributory negligence was one of the questions submitted to the jury.   Plaintiff contends that the court erred in submitting that question to the jury for there is no evidence tending to show contributory negligence on his part.

The accident happened shortly after five o'clock on the evening of January 20, 1924, in the city of Duluth.   It was cold—18 degrees below zero.   Plaintiff and two other passengers were in the back seat of the automobile; the owner, who was driving, and another passenger were in the front seat.   Dixon street runs east and west and intersects Commonwealth avenue at right angles.   A single

[1]Reported in 217 N. W. 125.

street car track extends along Commonwealth avenue on the west side of the center line of that street. The automobile proceeded west on Dixon street and at the intersection turned south on Commonwealth avenue. The driver saw the street car approaching and says that he attempted to drive to the west side of the track, but that his left rear wheel skidded or slid along an icy rut at or near the west rail and he was unable to get it out in time to avoid the collision. The collision occurred about 100 feet from the intersection.

Plaintiff testified that he did not see the street car or know that it was approaching until he heard it whistle at the moment of the impact. There is no evidence contradicting this statement in any way; nor any evidence that the driver was not a competent and careful driver. There is no claim of excessive speed. The driver's statement that he was going about 12 miles an hour is apparently undisputed. Defendant claims that evidence that the windshield was covered with frost obstructing the vision, and that the driver cut the corner at the intersection, was sufficient to take the question of contributory negligence to the jury. Conceding that the windshield was covered with frost and that the driver cut the corner, both of which are disputed, there is no evidence that plaintiff knew either of these facts. But if he did, it would not be sufficient to charge him, a passenger in the back seat, with negligence contributory to the happening of the collision. We have examined the record with care and fail to find any evidence which would justify a finding that plaintiff was guilty of contributory negligence. The negligence of the driver, if any, is not imputable to the plaintiff. Lundh v. G. N. Ry. Co. 165 Minn. 141, 206 N. W. 43, and cases there cited; Jones v. Schreiber, 166 Minn. 177, 207 N. W. 322.

For the error in submitting to the jury the question of contributory negligence on the part of plaintiff, there must be a new trial. Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668, 68 N. W. 22; Rihmann v. Grant Const. Co. 114 Minn. 484, 131 N. W. 478; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Anderson v. Wormser, 129 Minn. 8, 151 N. W. 423; Zakrzewski v. G. N. Ry. Co.

131 Minn. 175, 154 N. W. 966; Lufkin v. Harvey, 131 Minn. 238, 154 N. W. 1097, L. R. A. 1916B, 1111, Ann. Cas. 1917D, 583; Bowers v. C. M. & St. P. Ry. Co. 141 Minn. 385, 170 N. W. 226. The submission of that question to the jury gave them to understand that there was evidence from which they could find contributory negligence, and we cannot say that their verdict was not placed on that ground.

Judgment reversed.