FLORENCE E. HARRIS v. ALBERT EGGERMONT AND ANOTHER.[1]

February 21, 1936.

No. 30,667.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* for appellant.

*Hall & Catlin,* for respondents.

HOLT, JUSTICE.

Plaintiff, riding in an automobile which ran into the rear end of a truck traveling on a paved three-lane trunk highway, was injured. She sued the owner and the driver of the truck, alleging that their negligence in respect to the operation of the truck caused her injury. Defendants denied the negligence charged and averred that if plaintiff was injured it was caused by her own negligence and that of the driver of the car in which she was riding. The

[1]Reported in 265 N. W. 322.

verdict was for defendants, and plaintiff appeals from the order denying her motion for a new trial.

The assignments of error challenge only the submission of the defense of plaintiff's contributory negligence to the jury. If there was evidence to go to the jury on that issue it was very carefully and adequately submitted. Plaintiff made no request to take the defense of contributory negligence from the jury, nor was any exception taken to its submission before the jury retired. There were two issues raised by the pleadings, the negligence of defendants to be established by plaintiff as a cause of action and contributory negligence of plaintiff as a defense to be established by defendants.

The evidence discloses that on the morning of December 2, 1934, C. L. Klapproth, with plaintiff and three other ladies, all residents of St. Paul, went in Klapproth's car to Mankato. Toward evening they started for home. Plaintiff was in the front to the right of Klapproth, the driver. Shortly before nine o'clock in the evening, when within about a couple of miles west of the viaduct at Lyndale avenue south, Minneapolis, they ran into the left rear end of a truck of defendant Eggermont, loaded with cattle destined for South St. Paul. The jury could find that the truck was moving slowly in its right-hand lane and was provided with burning red taillights on the lower left- and right-hand rear corners of the rack. Plaintiff and Klapproth both asserted that their car was equipped with headlights which lit up the road in front so as to reveal objects within 300 or 400 feet. Plaintiff testified that she was watching the road in front; that they were meeting cars traveling on the left lane of the highway; that two or three cars were so approaching when the second or third one drew out in the middle lane to pass by; that this car had dazzling headlights which blinded plaintiff while it passed so that she did not see the truck until within two car lengths thereof. Plaintiff, as well as Klapproth, estimated the speed at which they were going to be about 30 or 35 miles per hour. It was estimated that when the car with the dazzling lights swung into the middle lane it was 400 or 500 feet away from the Klapproth car, and that it was traveling at the same speed as Klapproth's. It is evident that if plaintiff first saw the truck when but

20 to 30 feet away there was not time within which she could do anything to avert the collision. The only basis for suggesting her negligence was in failing to discover the presence of the truck from its red taillights, which the jury could find, and no doubt did find, were burning. Burning taillights are visible to those coming up from behind for a great distance. But, assuming that plaintiff was entitled to an instruction that there was not sufficient evidence to go to the jury on the issue of contributory negligence, is she in a position now to demand a new trial because of its submission? The defense of contributory negligence was raised by the answer. The cross-examination of plaintiff clearly sought to establish it. Plaintiff's counsel could not claim that he was not aware of its submission to the jury, for the charge in that respect was quite exhaustive, differentiating the lookout required of the driver from that of a passenger by his side, and stating that she was not called upon to warn the driver of any danger seen by her unless she had reason to think that he had not also seen it. Orderly practice requires that counsel submit to the court before argument to the jury written requests in regard to the charge. If of the opinion that an issue made by the pleadings has not been sustained by any proof, counsel should move the court to withdraw the same from the jury. In the case at bar there was no intimation that plaintiff's counsel deemed the evidence insufficient to submit the defense of contributory negligence. When at the close of the charge the court inquired of counsel if they desired to call attention to anything, plaintiff's counsel took no exception to the submission of the issue of plaintiff's contributory negligence. We do not think it fair practice to allow an issue deemed not to be adequately proved to be submitted without objection, relying on a favorable verdict, and then, when the verdict is adverse, to insist on the right to a new trial. In Farnham v. Pepper, 193 Minn. 222, 225, 258 N. W. 293, 294, much resembling this case on the issue of contributory negligence except that the collision there took place during daylight, it was said:

"Plaintiff's counsel is a man of experience and thoroughly capable of guarding his client's interests. If he thought at the time of the

trial that the question of contributory negligence was not involved it would seem that he should, in good faith and fairness to the court, have called the attention of the court thereto. He did not choose to do so."

And in Wolter v. The Armstrong Tel. Exch. Co. 152 Minn. 492, 189 N. W. 431, where the appeal was predicated upon the failure of the court to submit the issue of the plaintiff's contributory negligence, the court questioned that defendant was in position to raise the proposition since no exception had been taken to the charge on that account. In the decisions cited upon a plaintiff's contributory negligence it will appear that in every case the court was requested to rule upon its submission during the trial or else an exception was entered before the jury retired. Vukos v. Duluth St. Ry. Co. 173 Minn. 237, 217 N. W. 125; Fitzgerald v. Village of Bovey, 174 Minn. 450, 219 N. W. 774; Wicker v. North States Constr. Co. Inc. 183 Minn. 79, 235 N. W. 630; Bakkensen v. Minneapolis St. Ry. Co. 184 Minn. 274, 238 N. W. 489; Engholm v. Northland Transportation Co. 184 Minn. 349, 238 N. W. 795; Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605. To these may be added Hall v. Gillis, 188 Minn. 20, 246 N. W. 466, and Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670. Anderson v. Wormser, 129 Minn. 8, 151 N. W. 423, is the only case we have found that may be claimed to support a rule that after verdict for a defendant the plaintiff may obtain a new trial on the ground that the court erred in submitting an issue where plaintiff neither requested the issue to be withdrawn nor took exception to its submission before the jury retired. But there a new trial was granted because the court was mistaken as to the evidence and gave a misleading instruction.

2 Mason Minn. St. 1927, § 9327, permits the party aggrieved by the result of a trial, where there has been no exception, to "specify the alleged error in his notice of motion for a new trial." Such postponed specification of error is expressly "in lieu of an exception." If in this case there were no evidence of contributory negligence and there was error in submitting the issue to the jury, it might seem that our holding, denying plaintiff all right to take advantage of the error, runs contrary to the statute just referred

to. That is not the case, however, for the statute does not alter the rule that, with an exception recently noted (Skolnick v. Gruesner, 196 Minn. 318, 265 N. W. 44), cases will be disposed of on appeal within the limits of consideration fixed by the theory upon which they have been tried. 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 401. It is too plain for argument that this case was tried from the standpoint of plaintiff, as well as of defendants, on the theory that there was a fact issue as to contributory negligence. That being so, it was too late after verdict to assign submission of that issue as error, 2 Mason Minn. St. 1927, § 9327, notwithstanding. A litigant cannot tacitly consent to the submission of a fact issue to a jury and then, when disappointed in the verdict, obtain a new trial on the ground that it was error to submit it.

We are satisfied that the application of the rule just stated is in the interest of justice and fair play in the instant case, for it is almost an absolute certainty that the jury found that plaintiff failed to prove any negligence on the part of defendant. The testimony of Klapproth and plaintiff that the truck was parked could not be clear and reliable. From the moment the passing car blinded them until within two car lengths of the truck they could make no observation. The shock of the impact may have caused momentary oblivion. Their first impression was that the truck had no taillights; but when Klapproth so told the driver of the truck the latter called Klapproth's attention to the fact that notwithstanding his running his car into the left taillight and destroying the red glass, the bulb was intact and was burning. The two men on the truck, the driver and the owner of the cattle being transported, testified positively that the truck was moving on its right side lane, with both taillights lit; that they were moving slowly on account of the upgrade and heavy load, and stopped only when struck so forcibly by Klapproth's car that the whole rack was pushed forward some inches on the chassis. It is fair to assume that the jury never reached or considered the issue of plaintiff's contributory negligence.

The order is affirmed.

LORING, JUSTICE (concurring specially).

I concur in the result.